IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ROGER A. MONTGOMERY,**        )
        )
        Petitioner,        )
        )
V.        )        Civil No. **02-1160-GPM**
        )
**MICHAEL L. HOLMES,**        )
        )
        Respondent.        )

## REPORT AND RECOMMENDATION

Petitioner Roger A. Montgomery is currently incarcerated at Big Muddy River Correctional Center, having been sentenced to imprisonment for 41 years for the 1996 murder of Rhonda Simons.  **(*See* Doc. 12, Exhibit B, *People v. Montgomery*, No. 4-98-0010 (Ill.App. 4ᵗʰ Dist. April 21, 1999).**   Petitioner, proceeding pro se, is before the Court, seeking a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.  **(Docs. 1 and 2).**  The respondent has filed an answer in opposition to the petition.  **(Doc. 12).**

This Report and Recommendation is respectfully submitted to Chief United States District Judge G. Patrick Murphy pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

## Issues Presented

Petitioner Montgomery was charged with first degree murder under two separate theories.  Count I alleged murder based on "great bodily harm" (720 ILCS 5/9-1(a)(2)).  Count II alleged so-called felony murder premised upon aggravated battery (720 ILCS 5/9-1(a)(3), 12-4).  A general verdict of guilt was returned, without reference to either Count I or Count II.  Relying on *People v. Morgan*, 758 N.E.2d 813 (Ill. 2001), petitioner asserts that the crime of "felony murder" cannot be based on a predicate felony– in this situation, aggravated battery– that arises

1

from or is inherent in the act of murder.  Because the jury rendered only a general verdict finding guilt of first degree murder, petitioner argues it is impossible to discern whether he was found guilty of a valid crime.  Petitioner contends that, in accordance with *Stromberg v. California*, 283 U.S. 359, 367-368 (1931), this is a violation of  his Fourteenth Amendment right to due process.

Respondent counters that petitioner has procedurally defaulted, prohibiting this Court from addressing the merits of his argument.  Respondent also attacks the legal underpinnings of the petition.

### Procedural Prerequisites

As a preliminary matter, it must be understood that petitioner must clear two procedural hurdles before the Court may reach the merits of his habeas corpus petition:  exhaustion of remedies and procedural default.  ***Rodriguez v. Peters*, 63 F.3d 546, 555 (7th Cir. 1995).**

### A.  Exhaustion

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court."  ***O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).** "[S]tate prisoners must give the state court one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  ***Id.*; see also 28 U.S.C. § 2254(c).**  In *O'Sullivan v. Boerckel* the Supreme Court of the United States specifically addressed exhaustion under Illinois' two-tiered appellate process, holding that issues must be raised not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review (except under a limited number of special circumstances, which are not applicable to this case).  ***O'Sullivan*, 526 U.S. at 843-846.**

2

Respondent does not contest that petitioner has exhausted all available avenues of relief through the state system, in that he is time barred from further pursuing the alleged constitutional error.  **(See 725 ILCS 5/122-1(c)).**  Thus, petitioner has cleared the first procedural hurdle, exhaustion.

**B. Procedural Default**

Respondent contends that petitioner Montgomery has procedurally defaulted his due process argument.

 "[S]tate prisoners must give the state court one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." **O'Sullivan, 526 U.S. at 842.**  More to the point, the "fair presentment" doctrine requires that a petitioner give state courts a meaningful opportunity to pass upon the substance of the claims later pressed in federal court.  **Howard v. O'Sullivan, 185 F.3d 721, 725 (7th Cir. 1999).**  For a constitutional claim to be fairly presented to a state court, both the operative facts and the "controlling legal principles" must be submitted.  **Picard v. Connor, 404 U.S. 270, 277 (1971).**  "At bottom, the task of the habeas court in adjudicating any issue of fair presentment is assessing, in concrete, practical terms, whether the state court was sufficiently alerted to the federal constitutional nature of the issue to permit it to resolve that issue on a federal basis." **Verdin v. O'Leary, 972 F.2d 1467, 1476 (7th Cir. 1992).**

There is a second way a claim may be procedurally defaulted– "[i]n general, federal courts 'will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" **Aliwoli v. Gilmore, 127 F.3d 632, 635  (7th Cir. 1997) (citing Coleman**

3

*v. Thompson*, 501 U.S. 722, 729 (1991)).   In the habeas context, this doctrine applies to bar

consideration of any of a petitioner's federal claims which a state court declined to address

because the petitioner failed to meet a state procedural requirement.   *See Braun v. Powell*, 227

**F.3d 908, 912 (7th Cir. 2000).**   To be an adequate ground of decision, the state's procedural rule

must be both "firmly established and regularly followed." *Ford v. Georgia*, **498 U.S. 411,**

**423-24 (1991) (quoting *James v. Kentucky*, 466 U.S. 341, 348 (1984); *see also Braun v.***

***Powell*, 227 F.3d 908, 912 (7th Cir. 2000).**   In order for this doctrine to apply, the last state court

rendering judgment must rest its judgment on procedural default and make a plain statement that

it was relying either alone, or in the alternative, on the state procedural bar.   *Harris v. Reed*, **489**

**U.S. 255, 265 (1989).**         A petitioner can circumvent this bar to review if he is able to

demonstrate cause for his procedural error and establish prejudice resulting from that error.

*Howard v. O'Sullivan*, **185 F.3d 721, 726 (7th Cir. 1999); and *Coleman v. Thompson*, 501 U.S.**

**722, 750 (1991).**   Absent a specific showing of cause and prejudice, "the cause and prejudice

standard will be met in those cases where review of a state prisoner's claim is necessary to

correct 'a fundamental miscarriage of justice.'" *Coleman*, **501 U.S. at 748.**   This exception

requires a colorable claim of actual innocence as well as an allegation of a constitutional wrong.

*See Sawyer v. Whitley*, **505 U.S. 333, 339 (1992) (miscarriage of justice exception applies to**

**"actual" innocence as compared to "legal" innocence).**

Petitioner Montgomery presented his due process argument in his post-conviction

petition. However, in accordance with 725 ILCS 5/122-3, the last state court to address the

petition, the Illinois Appellate Court, Fourth District, held that petitioner's failure to raise the

issue on direct appeal, coupled with his failure to argue that the omission was due to ineffective

assistance of appellate counsel, constituted a waiver of the issue.  **(Doc. 12, Exhibit D, pp. 7-8).** Thus, the issue was disposed of based on an independent state procedural bar.  There is no dispute that this waiver rule,  725 ILCS 5/122-3, is "firmly established and regularly followed."  However, petitioner argues that the Illinois Supreme Court stated in *People v. Wright*, 740 N.E.2d 755, 766 (Ill. 2000), "a challenge to the constitutionality of a criminal statute may be raised at any time."  In addition, petitioner notes that the United States Supreme Court held in *Fiore v. White*, 531 U.S. 225 (2001), that the Due Process Clause of the Fourteenth Amendment requires that every element of a crime be proved beyond a reasonable doubt.

Of course, the Illinois precedent *People v. Wright* has no bearing on the federal fair presentment requirement.  Until the Illinois courts have considered the merits of petitioner's felony murder argument it cannot be addressed by the federal courts, unless cause and prejudice is shown for the procedural default, or where review of the claim is necessary to correct a fundamental miscarriage of justice.  ***Coleman*, 501 U.S. at 748 and 750.**  Petitioner did not offer cause and prejudice in the state courts, and he has not done so in his federal petition.  This exception requires a colorable claim of actual innocence *and* an allegation of a constitutional wrong.  ***See Sawyer*, 505 U.S. at 339.**  Although petitioner asserts a due process violation under *Stromberg* and *Fiore*, he does not argue that he is actually innocent.  Therefore, petitioner has procedurally defaulted, barring consideration of the merits of his Section 2254 petition.

For purposes of offering the district court a complete report and recommendation, this Court notes that *People v. Morgan*, 758 N.E.2d 813 (Ill. 2001), also states:

> [A] general verdict finding a defendant guilty of murder, where the defendant was charged with intentional, knowing, and felony murder, raises the presumption that the jury found the defendant committed the most serious crime alleged, intentional murder.

**758 N.E.2d at 839.**  Therefore, like defendant Morgan, petitioner Montgomery's conviction did not violate Illinois law, even if the felony murder charge was legally insufficient.

Similarly, *Stromberg v. California*, 283 U.S. 359 (1931), is actually not helpful either. In *Griffin v. United States*, 502 U.S. 46, 48-56 (1991), the United States Supreme Court distinguished *Stromberg* and held that the Due Process Clause is not violated by the historical practice of upholding a general verdict so long as it is legally supportable on one of the submitted grounds.  *Griffin* rejected just the sort of "bootstrapping" maneuver petitioner is attempting.  The general verdict at issue in this case was not legally inadequate under state law, nor did it independently violate the Due Process Clause.

## Recommendation

For the aforestated reasons, it is this Court's recommendation that petitioner Roger A. Montgomery's petition for relief pursuant to 28 U.S.C. § 2254 **(Docs. 1 and 2)** be denied in all respects.

**Submitted: January 17, 2006**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

## Notice of Response Deadline

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **January 31, 2006**.

6